UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSENDA BANOS, ET AL.                                              CIVIL ACTION

VERSUS                                                             NO. 23-2330

STATE FARM MUTUAL                                                  SECTION "R" (5)
INSURANCE COMPANY, ET AL.

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1] Defendants oppose the motion.[2] For the following reasons, the Court denies plaintiffs' motion.

### I.   BACKGROUND

This case arises out of a car accident that occurred in New Orleans, Louisiana, on October 19, 2021. Plaintiff Rosenda Banos alleges that defendant Robert Levy's vehicle struck the rear of her car while it was parked on Magazine Street.[3] Banos filed a petition in state court seeking to recover for property damage for herself individually as well as past, present, and future physical and mental pain and suffering, mental anguish, lost wages, loss of future earning capacity, medical expenses, and loss of enjoyment for

---

[1]   R. Doc. 13.
[2]   R. Doc. 19.
[3]   R. Doc. 4-3 ¶¶ 7-13.

herself and on behalf of her minor children who were in the car at the time of the collision.[4]  Defendants removed the action on July 6, 2023, alleging diversity jurisdiction.[5]

Plaintiffs move to remand on the grounds that there is not complete diversity among the parties because both Banos and Levy are citizens of Louisiana.[6]  Plaintiffs do not contest that the amount in controversy meets the jurisdictional threshold or that removal was timely.  Defendants oppose plaintiffs' motion, alleging that Levy is a citizen of New Mexico.[7]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition

---

4    *Id.* ¶¶ 11-16.
5    R. Doc. 4.
6    R. Doc. 10-1.
7    R. Doc. 19.

that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Therefore, when a non-diverse party is properly joined as a defendant, removal is improper under 28 U.S.C. § 1332.

### III. DISCUSSION

An individual's citizenship is determined by his or her domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th

Cir. 2007). As the parties invoking federal jurisdiction, it is defendants' burden to show that (1) Levy resides in New Mexico, and (2) he intends to remain there. *Id.* at 798; *see Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))). "Evidence of a person's residence . . . is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). In determining an individual's domicile, the Court considers a variety of factors, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home or his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). A litigant's expression of intent is relevant, but it should be given little weight when it conflicts with objective facts. *Id.*

Here, plaintiff contends that Levy is a Louisiana resident because he is an officer of a corporation that owns property in Louisiana,[8] the corporation has a mailing address in Louisiana,[9] and Levy owns a car registered in

---

[8] R. Doc. 13-1 at 5, 10-11.
[9] *Id.* at 5, 9, 11.

Louisiana.[10]  Defendants have produced evidence that Levy resides in New Mexico,[11] is registered to vote in New Mexico,[12] files taxes in New Mexico,[13] has a New Mexico driver's license,[14] has a bank account in New Mexico,[15] and owns two cars registered in New Mexico.[16]  Levy states in an affidavit that the corporation plaintiff refers to does no business in Louisiana, and it owns the Louisiana property as a vacation home for him and other officers of the corporation.[17]  Additionally, he states that he "moved to the state of New Mexico in August 1972, with intent to remain . . . indefinitely."[18]  This testimony is credible in light of the objective evidence that Levy is registered to vote in, files taxes and has a residence in, has a driver's license from, and has a bank account in New Mexico.

Accordingly, defendants have met their burden to show by a preponderance of the evidence that Levy is a citizen of New Mexico.  Because there is diversity of citizenship, remand is not proper in this case.

---

[10]   *Id.* at 5, 9, 12.
[11]   R. Doc. 19-3 ¶ 5.
[12]   R. Doc. 19-7.
[13]   *Id.* ¶ 9; R. Doc. 19-13
[14]   R. Doc. 19-4.
[15]   R. Doc. 19-8.
[16]   R. Docs. 19-5 & 19-6.
[17]   R. Doc. 19-3 ¶ 10.
[18]   *Id.* ¶ 4.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this __25th__ day of October, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE